UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-20432-CIV-LENARD/TORRES

AMERICAN SECURITY EDUCATORS,
INC, a California Corporation,

    Plaintiff,

v.

MIAMI-DADE COUNTY, a Florida
Municipality; MIAMI-DADE POLICE
DEPARTMENT, a municipal police
department; ROBERT PARKER,
Individually,

    Defendants.
_____/

**DISCOVERY ORDER ON OBJECTIONS MADE TO DEFENDANTS'
INTERROGATORIES AND REQUESTS FOR PRODUCTION**

This matter comes before the Court pursuant to Plaintiff's objections to Defendants' Interrogatories and Requests for Production. The Court held a hearing on the matter on November 9, 2006. After hearing argument of counsel, the Court overrules Plaintiff's objections to the discovery requests at issue.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any matter, not privileged, that is relevant to the claim or defense of any party" or, upon a showing of good cause, "any matter relevant to the subject matter involved . . . ." Even after the 2000 amendments to Rule 26, it is well established that courts must employ a liberal discovery standard in keeping with the spirit and purpose of the discovery rules. *Graham v. Casey's Gen. Stores*, 206 F.R.D. 251, 253 (S.D. Ind. 2002); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001). Accordingly, discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the claims and defenses of the

parties or otherwise on the subject matter of the action. *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-Civ-Gold, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001).

Defendants served Interrogatories and Requests to Produce on Plaintiff, who objected to several of them on various different grounds, primarily based on the relevancy and burdensomeness of the requests. To sustain its objections, Plaintiff must show that the requested discovery has no possible bearing on the claims or defenses in this case or that the requests are unduly burdensome. *See id.* (citing *Flora v. Hamilton*, 81 F.R.D. 576, 578 (M.D.N.C. 1978)); *Graham*, 206 F.R.D. at 254 ("The party opposing discovery has the burden of showing the discovery is overly broad, unduly burdensome, or not relevant."). This means that Plaintiff must show either that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26 or (2) is of such marginal relevance that the potential harm occasioned by discovery would far outweigh the ordinary presumption in favor of broad disclosure. *E.g., Giardina v. Lockheed Martin Corp.*, 2003 WL 21276348 (E.D. La. May 30, 2003).

Plaintiff fails to meet this burden. Given the nature of Plaintiff's claims for money damages and the defenses asserted by Defendants, the Court overrules Plaintiff's relevancy objections. Plaintiff's claims for actual and statutory damages and Defendants' fair use defense requires broader discovery in this case with respect to the marketability and financial success of the copyrighted work in question. Also, given Plaintiff's failure to articulate how it would be burdensome for Plaintiff, an admittedly small company, to produce the requested financial and corporate records (some of which it may not even have), the Court overrules Plaintiff's generic burdensomeness objections.

Finally, given the Protective Order issued by this Court on October 18, 2006 [D.E. 23], Plaintiff's generic objections based on undefined trade secrets are also overruled.

Defendant is obviously not a competitor of Plaintiff's and has no incentive or reason to share the discovery obtained in this case from anyone outside the litigation. Moreover, the protective order the parties agreed to specifically requires Defendant to maintain any discovery obtained in the case in confidence and for use only in the litigation. Therefore, Plaintiff's trade secret objections are also insufficient to prevent Defendant to obtain the requested information.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's objections are overruled. Plaintiff must produce all responsive documents and information from January 1, 2001 to the present. The Court will not issue an item-by-item order as it trusts that counsel will be able to address any particular issues on their own, in light of the Court's overall Order. To the extent any such issues are not resolved, Defendant shall have leave to file a motion to compel limited to those issues. In that event, however, the Court will strictly enforce the provisions of Fed. R. Civ. P. 37(a)(4).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of November, 2006.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
The Honorable Joan A. Lenard
All counsel of record